IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Nikki M. Brown, ) | C/A No. 0:12-2825-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Santander Consumer USA, Inc., and ) | |
| Francisco Sanchez, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

  On September 28, 2012, Plaintiff Nikki Brown ("Plaintiff") filed this action against her former employer, Santander Consumer USA, Inc. ("SCUSA") and her former supervisor, Francisco Sanchez ("Sanchez"). Plaintiff asserts claims against SCUSA for (1) sexual harassment *quid pro quo* and for creating a hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and (2) negligent hiring and supervision of Sanchez. Plaintiff asserts claims of assault, battery, outrage, and slander against Sanchez.

  Each Defendant filed a motion to compel arbitration and either to stay litigation pending arbitration or to dismiss Plaintiff's claims. Dkt. Nos. 7, 14. The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., and filed on July 16, 2013. Dkt. No. 19. The Report recommends that the court grant Defendants' motions to compel arbitration and dismiss this action. *Id.* The parties were advised of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* Neither party has filed objections to the Report, which were due on August 2, 2013.

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

Having reviewed the parties' briefs, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error, and finding none, the court adopts and incorporates the Report by reference. For the reasons set forth therein, the court grants Defendants' motions to compel arbitration and dismisses this matter without prejudice.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 5, 2013